# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMMY L. SUMPTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV735 RWS |
| | ) | |
| JEREMIAH NIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Timmy Sumpter for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civil detainee at the Missouri Sexual Offender Treatment Center (MSOTC), brings this action under 42 U.S.C. § 1983. Named as defendants are Jeremiah Nixon (Missouri Attorney General), Keith Schafer (Director, Missouri Department of Mental Health), Alan Blake (Chief Operations Officer, MSOTC), and Johnathan Rosenboom (Chief Psychologist, MSOTC). The complaint seeks monetary relief.

Plaintiff alleges that he is being detained pending a trial on whether he should be civilly committed as a sexually violent predator (SVP). MSOTC is run by the Department of Mental Health, and plaintiff is under the care of psychologists

employed by the State of Missouri.  Plaintiff believes that "psy/psy," his term for psychology and psychiatry, has been declared by the Supreme Court of the United States to be a religion.  Plaintiff argues that his detention is unconstitutional because he is being held captive by a religious organization.

The allegations in the complaint are plainly frivolous.  See Vestal v. Clinton, 106 F.3d 553, 554 (4th Cir. 1997) (holding similar claims to be frivolous).  As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 25th day of June, 2008.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE